IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN RAY THOMAS,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Case No. CIV-12-595-L
                                  )
MICHAEL J. ASTRUE, Commissioner   )
Social Security Administration,   )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

The Social Security Administration relied on a vocational expert's testimony and rejected a disability claim on grounds that the claimant (Steven Thomas) could perform three jobs: machine operator, assembly clerk, and order clerk.

The Plaintiff challenges the ALJ's findings based in part on the Dictionary of Occupational Titles. When this document and the vocational testimony are inconsistent, administrative law judges must explain their decisions to rely on the Dictionary of Occupational Titles. The administrative law judge did not provide such an explanation here, and the critical issue is whether the Dictionary and vocational testimony were consistent. But the vocational expert did not identify the DOT job codes, leaving the Court unable to determine whether the administrative law judge had to explain his decision to rely on vocational testimony over potentially inconsistent information in the DOT. Without the ability to make this determination, the Court should reverse and remand for further findings.

I.      Standard on Judicial Review

The Court must determine whether the correct legal standards were applied.[1]

II.     The ALJ's Findings Regarding the Plaintiff's RFC

The ALJ determined that Mr. Thomas could perform sedentary work, but was limited to occasional reaching overhead and superficial interaction with the public.[2]

III.    Potential Inconsistency Between the Vocational Testimony and the DOT

The administrative law judge asked the vocational expert about the ability to work if Mr. Thomas could perform sedentary work with only occasional reaching overhead and superficial interaction with the public.[3]  The vocational expert answered that Mr. Thomas could work as a machine operator, assembly worker, and order clerk,[4] but did not provide any DOT references.[5]  This testimony was adopted by the ALJ.[6]  Because neither the ALJ nor the vocational expert identified the DOT entries for the jobs Mr. Thomas could perform, however, the Court lacks the information required to compare the vocational testimony and the DOT.  Unable to make this comparison, the Court should reverse and remand for further findings.

---

[1]     *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

[2]     R. 41, ECF No. 12.

[3]     R. 85-86, ECF No. 12.

[4]     R. 86, ECF No. 12.

[5]     R. 86, ECF No. 12.

[6]     R. 50, ECF No. 12.

A.      Need for an Explanation

The administrative law judge must "identify specific jobs that the claimant can perform . . . and verify that the jobs the claimant can do exist in significant numbers in the regional or national economies."[7]  If the vocational expert testifies inconsistently with the DOT, the ALJ must elicit an explanation before relying on the vocational testimony.[8]

B.      Machine Operator and Assembly Worker

For the jobs as a machine operator and assembly worker, the Court must begin by comparing the vocational testimony and the DOT.  But this comparison is impossible because the DOT contains hundreds of jobs for machine operators and dozens for assemblers.  To compare the vocational testimony and the DOT, the Court must know which DOT entries to examine.  That examination is impossible when the Court can only guess among dozens or hundreds of DOT entries.

In *Schulte v. Astrue*, this Court held that it could not engage in such guesswork.[9]  There too the vocational expert testified that the claimant could work as a machine operator and assembly worker.[10]  The Court held that the administrative law judge could not rely on

---

[7]      *Haddock v. Apfel*, 196 F.3d 1084, 1088-89 (10th Cir. 1999).

[8]      *See Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999).

[9]      *Schulte v. Astrue*, No. CIV-10-959-R, 2011 WL 1885480, at *2-3 (W.D. Okla. May 18, 2011) (unpublished op.).

[10]     *See Schulte v. Astrue*, No. CIV-10-959-R, 2011 WL 1885480, at *2 (W.D. Okla. May 18, 2011) (unpublished op.).

this testimony without the vocational expert's identification of the DOT entries.[11]  These entries were needed because the DOT contained dozens of "assembler" jobs and hundreds of "machine operator" jobs.[12]

The Court should follow *Schulte*.  Here too the administrative law judge relied on vocational testimony without the ability to compare it to the DOT.  In *Schulte*, the comparison proved impossible because the DOT contained too many entries to guess the ones that applied.  Because the ALJ relied on the same two jobs, machine operator and assembly worker, the analysis in *Schulte* is equally apt here and the ALJ should have asked the vocational expert to identify the applicable DOT entries.

C.    Order Clerk

The administrative law judge also found that the Plaintiff was able to work as an order clerk.[13]  Here too reversal is necessary because of the Court's inability to compare the vocational testimony and the DOT.

---

[11]    *Schulte v. Astrue*, No. CIV-10-959-R, 2011 WL 1885480, at *2-3 (W.D. Okla. May 18, 2011) (unpublished op.).

[12]    *Schulte v. Astrue*, No. CIV-10-959-R, 2011 WL 1885480, at *3 (W.D. Okla. May 18, 2011) (unpublished op.).

[13]    R. 41, ECF No. 12.

The DOT contains five jobs as an "order clerk."[14]  Four would seem to fit the administrative law judge's limitation of Mr. Thomas to "sedentary" work.[15]  But in the shipping industry, the DOT entry for an "order clerk" would have involved "light" work.[16]

The Plaintiff points to other potential inconsistencies between his limitations and the ability to work as an order clerk in the food and beverage industry.  For example, the DOT and its companion publication, "*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*," states that in the food and beverage industry, order clerks must engage in speaking or signaling to others and frequent reaching,[17] and the administrative law judge limited Mr. Thomas's ability to interact and reach overhead.[18]  Thus, the Plaintiff argues that order clerks in the food-and-beverage industry must interact and reach — according to the DOT — in ways that he could not do.

---

[14]     Dictionary of Occupational Titles 209.567-014 ("Order Clerk, Food and Beverage"), 219.367-030 ("Shipping-Order Clerk"), 221.367-022 ("Industrial-Order Clerk"), 221.382-022 ("Repair-Order Clerk"), 249.362-026 ("Order Clerk (clerical)") (4th rev. ed. 1991),

[15]     Dictionary of Occupational Titles 209.567-014 ("Order Clerk, Food and Beverage" as "sedentary" work), 221.367-022 ("Industrial-Order Clerk" as "sedentary" work), 221.382-022 ("Repair-Order Clerk" as "sedentary" work), 249.362-026 ("Order Clerk (clerical)" as "sedentary" work) (4th rev. ed. 1991).

[16]     Dictionary of Occupational Titles 219.367-030 ("Shipping-Order Clerk") (4th rev. ed. 1991).

[17]     U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* 335 (1993) (stating that frequent reaching is necessary for an order clerk in the food-and-beverage industry); II U.S. Department of Labor, *Dictionary of Occupational Titles*, App. B at 1005-06 (4th rev. ed. 1991) (stating that the fifth digit in DOT 209.567-014 refers to "speaking-signaling," defined as "[t]alking with and/or signaling people to convey or exchange information").

[18]     R. 41, ECF No. 12.

The case law points in conflicting directions,[19] and the Court need not decide which course to follow.  There are five "order clerk" jobs in the DOT.  Even if some conform to the Plaintiff's stated limitations, at least one does not because the administrative law judge limited Mr. Thomas to "sedentary" work and the DOT states that an "order clerk" in the shipping industry would have involved "light" work.  Thus, the Court can only guess which DOT entry corresponded to the order-clerk job being discussed by the vocational expert.  In these circumstances, the Court should order reversal and remand.

## IV.   The Request for an Award of Benefits

At the end of his opening brief, the Plaintiff seeks an award of benefits.[20]  This request should be denied.

In light of the administrative law judge's error, the Court can reverse with instructions either to award benefits or to enter further findings regarding the applicable DOT entries and their consistency with the vocational testimony.[21]  The typical remedy is a remand for further proceedings without instructions on whether to award benefits.[22]  As a result, "[c]ourts are

---

[19]    *Compare Segovia v. Astrue*, 226 F. App'x 801, 803-04 (10th Cir. 2007) (holding that for work as a cafeteria attendant, the claimant's limitation on overhead reaching did not conflict with the DOT requirement of frequent reaching), *with Chrastil v. Astrue*, 2009 WL 3241784, at *3 (D. Neb. Oct. 1, 2009) (unpublished op.) (holding that for DOT 209.567-014, the job of order clerk in the food-and-beverage industry, the claimant's inability to reach above her shoulders conflicted with the DOT requirement of frequent or constant reaching).

[20]    Pl.'s Opening Br. 12, ECF No. 14.

[21]    *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

[22]    *See Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997) (stating that "remand to the district court with instructions to remand to the Commissioner for further proceedings is the normal
(continued...)

6

disinclined to order [a remand for an award of benefits] where the ALJ has made minimal findings unsupported by adequate evaluation of the evidence in the record or, as in the instant case, no findings."[23]

The Plaintiff requests an award of benefits,[24] but fails to provide any explanation or support for this remedy.  As a result, I recommend a remand for further findings rather than an order for benefits.

V.    Summary

The ALJ erred in adopting the vocational testimony without providing enough information for the Court to compare the vocational testimony and the DOT.  Without the ability to conduct this review, the Court should reverse and remand for further findings.

VI.    Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[25]  The deadline for objections is January 24, 2013.[26]

---

[22](...continued)
remedy" (citation omitted)).

[23]    *Arnold v. Barnhart*, Case No. CIV-04-837-W, slip op. at 2 (W.D. Okla. Feb. 16, 2005) (unpublished order).

[24]    Pl.'s Opening Br. 12, ECF No. 14; Pl.'s Reply Br. 4, ECF No. 16.

[25]    *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[26]    *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[27]

VII.    Status of the Referral

The referral is discharged.

Entered this 7th day of January, 2013.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[27]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).